Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RORY ANDERSON, | : |
| Plaintiff | : |
| vs. | : Civil Action No. |
| EMERALD MARKETING GROUP, LLC, | : |
| Defendant | : |

## COMPLAINT

NOW COMES the Plaintiff, RORY ANDERSON, and her attorneys, KIMMEL & SILVERMAN, P.C., and for her Complaint against the Defendant, EMERALD MARKETING GROUP, LLC, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

2. Defendant conducts business in the state of New Jersey, and therefore, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## PARTIES

5. Plaintiff is an adult individual who resides at 35 Smith Street, Apartment C-6, in Irvington, New Jersey, 07111.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.

8. Defendant is a corporation with its principal place of business at 1489 Warm Springs Road, Suite 110, in Henderson, Nevada, 89014.

## **PRELIMINARY STATEMENT**

9. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

10. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

11. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

12. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

13. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a payday loan.

14. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

15. On or about November 30, 2009, Defendant contacted Plaintiff, leaving a message for her to contact it regarding a "bad check."

16. Also, on that same day, Defendant contacted Plaintiff's daughter, also leaving a message on her cell phone stating that they needed to get in touch with Plaintiff right away regarding a bad check.

17. Defendant then left another voice mail on Plaintiff's phone stating that it needed to get in contact with her right away about a "bad check."

18. Thereafter, Defendant contacted Plaintiff's employer to speak with her.

19. Plaintiff's supervisor informed Defendant that Plaintiff was unavailable, and Defendant told Plaintiff's supervisor that it needed to speak with Plaintiff as soon as possible as that she had a bad check with the company.

20. Plaintiff, feeling scared as she had not issued any bad checks, contacted Defendant and was told that she needed to pay $394.00.

21. Defendant threatened Plaintiff that if she did not pay this money, it would file paperwork with the Department of Motor Vehicles ("DMV") and that this would go against her driver's license.

22. Also, Defendant threatened Plaintiff that if she did not pay that it would notify the social security office.

23. Defendant told Plaintiff that it would "ruin her" by "filing" paperwork with "the DMV and social security office."

24. Between November 30, 2009, and December 3, 2009, Defendant contacted Plaintiff more than two times a day.

25. Defendant misrepresented the amount of the alleged debt to Plaintiff, telling her that she owed $549.00, but stating that it would drop its fees so that she only owed $394.00.

26. Then, Defendant attempted to make payment arrangements with Plaintiff for a completely different amount, telling her to pay $100.00 by December 31, 2009, and then to make a payment for $313.00 at the end of January 2010.

27. When speaking with Plaintiff, Defendant identified itself as calling from "Emerald Marketing Corporate Office for non-payment of a bad check."

28. This was confusing and misleading to Plaintiff as she did not issue or cause to be issued a bad check to Defendant or any other person.

29.     Also, Defendant threatened Plaintiff that it was in the process of preparing the paperwork to send to the DMV and that she only had twenty-four (24) hours to send in payment before the paperwork would be sent to the DMV.

30.     Defendant told Plaintiff that she would not be able to get credit unless she paid this debt.

31.     Plaintiff engaged the services of a debt management service to make contact with Defendant to set up payment arrangements.

32.     Defendant informed Plaintiff's debt management service that it would garnish her wages if she did not make payment on this alleged debt.

33.     To date, Defendant has taken no legal or non-legal action against Plaintiff, including garnishment of wages.

## CONSTRUCTION OF APPLICABLE LAW

34.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I

37. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a. Communicating in connection with the collection of a debt with a person other than Plaintiff, in violation of 15 U.S.C. § 1692c(b);

   b. Harassing, oppressing, or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

   c. Causing a telephone ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

   d. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. §1692e;

   e. Falsely representing of the legal status of a debt, in violation of 15 U.S.C. §1692e(2)(A);

   f. Representing or implying that nonpayment of any debt will result in garnishment when it did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   g. Threatening to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    h. Threatening to communicate to any person credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8);

    i. Using any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

    j. Acting in an otherwise unfair and unconscionable manner to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

38. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, RORY ANDERSON, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

PLAINTIFF'S COMPLAINT

d.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: February 24, 2010          KIMMEL & SILVERMAN, P.C..

By:  /s/ Amy L. Bennecoff
Amy L. Bennecoff, Esquire
Attorney for Plaintiff

KIMMEL & SILVERMAN, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone No. 856-429-8334